**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JONATHAN LIVATT DUGGER,

Defendant-Appellant.

No. 22-30086

D.C. No. 2:20-cr-00200-RSM-1

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted May 12, 2023**
Seattle, Washington

Before: HAWKINS, W. FLETCHER, and IKUTA, Circuit Judges.[1]

Jonathan Dugger appeals from the district court's order sentencing him to

eighteen months' imprisonment followed by three years of supervised release and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Dugger's motion to supplement the record on appeal is granted [Dkt. No. 12].

requiring him to pay $21,515.37 in restitution. Dugger pleaded guilty to conspiracy to commit arson in violation of 18 U.S.C. § 371 and § 844(f)(1) for throwing a firework into a Starbucks store while participating in a Black Lives Matter ("BLM") protest. Dugger challenges the amount of restitution that the district court ordered him to pay Starbucks. He also contends that the district court violated his First Amendment rights by referring during the sentencing hearing to the harmful effect of his criminal conduct on the BLM movement. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and reverse in part.

We review de novo the legality of a restitution order. *United States v. Brock-Davis*, 504 F.3d 991, 996 (9th Cir. 2007). We review for clear error factual findings supporting the order. *See id.* Provided that the restitution order is within the bounds of the statutory framework, we review for abuse of discretion a restitution order. *See id.* We review de novo the constitutionality of a sentence. *See United States v. Henderson*, 998 F.3d 1071, 1073 (9th Cir. 2021).

The district court abused its discretion by including in the restitution award $13,008.32 for the installation of a protective window film. Starbucks did not have a protective film on its windows when Dugger vandalized the store. A restitution order under the Mandatory Victims Restitution Act is meant "to fully compensate victims for their losses, and to restore victims to their original state prior to the

criminal act." *United States v. Kaplan*, 839 F.3d 795, 800 (9th Cir. 2016). Accordingly, "[a] district court may not order restitution such that victims will receive an amount greater than their actual losses; to do so is plain error." *United States v. Rizk*, 660 F.3d 1125, 1137 (9th Cir. 2011). Because there is no evidence in the record that Dugger's actions caused a reduction in Starbucks's security by pointing out that Starbucks uses glass windows, we reject the government's argument that the cost for the film on the glass helped to restore Starbucks to its original state. The district court thus erred when it awarded restitution that exceeded Starbucks's "actual losses caused by [Dugger's] criminal conduct." *Brock-Davis*, 504 F.3d at 998 (citations omitted).

The district court did not violate Dugger's First Amendment rights. The court made only a passing reference to the impact of actions like Dugger's on "whatever efforts are being taken by all of those other peaceful protesters that are trying to make political change." Even if reliance on such impact could have violated Dugger's First Amendment rights (a question we do not reach), there is no indication that the court based Dugger's sentence on this consideration.

The district court's restitution award is **REVERSED.** The restitution award is reduced to $8,507.05. The sentence is otherwise **AFFIRMED**.

**REVERSED** in part; **AFFIRMED** in part.

3